**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHEN M. REAMS** | **CIVIL ACTION NO: 14-88-JWD-RLB** |
| **VERSUS** | **JUDGE JOHN W. deGRAVELLES** |
| **JEH JOHNSON,** | **MAGISTRATE JUDGE** |
| **SECRETARY OF THE DEPARTMENT** | **RICHARD L. BOURGEOIS, JR.** |
| **OF HOMELAND SECURITY** | |

## ORDER

Before the Court is Defendant's Motion to Dismiss filed by Jeh Johnson, Secretary of the Department of Homeland Security, seeking an order from this Court granting the Motion to Dismiss against Plaintiff Stephen M. Reams ("Reams") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 14.) Plaintiff opposes the Motion. (Doc. 20.) There is no need for oral argument.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1331.

## I.     Background

Plaintiff filed this lawsuit *pro se* pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (hereinafter "Title VII"), alleging employment discrimination. (Doc. 1, p. 1.) Specifically, Plaintiff alleges that he was terminated from his position as Direct Housing Operation Chief at the Federal Emergency Management Agency's (hereinafter "FEMA") New Orleans Transitional Recovery Office for an alleged ethics violation which occurred on May 28, 2009. (Doc. 1, p. 2.) The documents attached to Plaintiff's Complaint show that there were three ethics charges against him prior to his termination: (1) Misuse of Position for Private Gain, (2) Misuse of Government Property, and (3) Misuse of Official Time. (Doc. 1-1, p, 1.) The charges concerned the Plaintiff sending emails to multiple subordinate employees wherein he solicited them to sell dinners

for him in order to fund a trip to Disney World for his niece. (Doc. 1-1. p, 1.)

Plaintiff claims that this alleged ethics violation was common practice within the agency; that it was "practiced by dozens, if not hundreds of employees;" and that he was the only one reprimanded for the ethics violation. (Doc. 1, p. 2.) Plaintiff alleges that Brian Boyle[1] and Nora Huete[2] presented allegations of ethical misconduct against him to Human Resources and the Office of Chief Counsel. (Doc. 1, p. 2.) Plaintiff alleges that Mr. Boyle and Ms. Huete were told this violation was not grounds for termination. (Doc. 1, p. 2.) As a result of these allegations, Plaintiff was suspended for two weeks. (Doc. 1, p. 2.) Plaintiff alleges that upon returning to work, Ms. Huete and Mr. Boyle continued to reach out to other persons in Human Resources and the Office of Chief Counsel until they found someone to approve his termination. (Doc. 1, p. 2.)

## II.     Arguments of Parties

Defendant argues that Plaintiff has failed to state a claim under Title VII because his complaint lacks any allegation of facts relating to Title VII's five prohibited factors, "race, color, religion, sex, or national origin."(Doc. 14-1, p. 4, citing 42 U.S.C. § 2000e-16.) Defendant argues that Plaintiff only alleged wrongful termination due to an ethics violation, which does not give rise to a claim under Title VII. (Doc. 14-1, p. 2.)

In his Memorandum in Opposition, the Plaintiff argues that he was wrongfully terminated from his position with FEMA for "retaliatory and race base[d] reasons." (Doc. 20, p. 2.) Plaintiff claims to have identified "seven other supervisors an/or managers that committed the same acts with persons in management being aware of their actions," and claims that the seven others did not face

---

[1] At the time of Plaintiff's termination, Mr. Boyle was the Individual Assistance Section Chief at the New Orleans Transitional Recovery Office. (Doc. 1-1, p. 6.)

[2] At the time of Plaintiff's termination, Ms. Huete was the Deputy Individual Assistance Section Chief at the New Orleans Transitional Recover Office. (Doc. 1-1, p. 1.)

disciplinary actions. (Doc. 20, p. 3.)

Plaintiff argues that his termination was made in retaliation for an unrelated EEOC complaint Plaintiff filed in 2006 against Mr. George Smith, which was based on racial discrimination. (Doc. 20, p. 4.) Plaintiff argues that Nora Heute "resented the fact that the Plaintiff's EEOC complaint resulted in Smith's termination and began a series of actions in an effort to have the Plaintiff terminated." (Doc. 20, p, 4.)

Finally, Plaintiff argues that FEMA violated the guidelines of the Family Medical Leave Act ("FMLA") in retaliation for the filing the EEOC complaint. (Doc. 20, p. 2.) Plaintiff alleges that instead of granting his approved FMLA leave, FEMA gave him a choice to resign, be terminated, or relocate his duty station eighty plus miles away. (Doc. 20, p. 2.)

Defendant argues in his Reply Memorandum that Plaintiff's new allegations in his Memorandum in Opposition are improper because Plaintiff did not amend his Complaint. (Doc. 21, p. 1.) Defendant argues that Plaintiff cannot show a causal relationship between a protected activity and the alleged retaliation. (Doc. 21, p. 3.) Additionally, Defendant argues that even if Plaintiff were allowed to amend, Plaintiff's amendment would be futile. (Doc. 21, p.4.)

III.    **Standard on Motion to Dismiss**

In *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007), the Supreme Court explained:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'
>
> *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)).

Interpreting Rule 8(a) and *Twombly*, the Fifth Circuit explained:

The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (emphasis added).

Later, in *In re Great Lakes Dredge & Dock Co. LLC.*, 624 F.3d 201, 210 (5th Cir. 2010), the

Fifth Circuit explained:

To avoid dismissal [under Fed.R.Civ.P. 12(b)(6)], "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. [*Doe v. Myspace,* 528 F.3d 413, 418 (5th Cir. 2008)] (citing [*Hughes v. Tobacco Inst., Inc*., 278, 278 F.3d 417, 420 (5th Cir. 2001)]). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal*, 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

*Id.* at 215.

Analyzing the above case law, our brother in the Western District stated:

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without

discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

*Diamond Services Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D.La. Feb. 9, 2011) (citation omitted).

Afterward, in *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5ᵗʰ Cir. 2011), the

Fifth Circuit explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

*Id.* at 796 (internal citations omitted).

Finally, in *Thompson v. City of Waco, Texas*, 764 F.3d 500 (5ᵗʰ Cir. 2014), the Fifth Circuit

recently summarized the Rule 12(b)(6) standard as thus:

> We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. We need not, however, accept the plaintiff's legal conclusions as true. To survive dismissal, a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.

*Id.* at 502-503 (internal citations and quotations omitted).

## IV.    Analysis

First, Defendant is correct that Plaintiff has pleaded no facts that support of his claim under

Title VII. Plaintiff's complaint alleges "employment discrimination in violation of Title VII," yet

alleges he was wrongfully terminated for an ethics violation rather than for a reason protected by

Title VII. (Doc. 1, p. 1-2.) The Supreme Court has instructed: "[a] document filed *pro se* is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal citations and quotation marks omitted.) However, even with liberal interpretation, Plaintiff's complaint does not plead facts that support a claim under Title VII because a claim for wrongful termination due to ethics violations is not protected under Title VII. Thus Plaintiff has not brought an actionable claim under Title VII.

In the Plaintiff's Complaint, he did not assert that he was discharged due to his race in violation of Title VII, which prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions ... because of such individual's race, color, ... or national origin."42 U.S.C. § 2000e–2(a). Further, the Complaint did not set forth any factual allegations to support a racial discrimination claim. The only facts alleged were: (1) Plaintiff was terminated from his position as Direct Housing Operation Chief in 2009; (2) Plaintiff was accused of committing an ethics violation; (3) Plaintiff believes he was the only one to have been reprimanded for the type of violation for which he was accused although he alleges numerous other employees committed the same violation; and (4) Plaintiff believes two supervisors, Ms. Huete and Mr. Boyle, changed the allegations against him until they could find a member of the HR and OCC staff who would approve his termination. (Doc. 1, p. 2.) Plaintiff has not alleged and has provided no facts that lend support to his belief that he was terminated because of his race. His assertion of racial discrimination is a legal conclusion that the Court is not required to accept and does not suffice to prevent a motion to dismiss. See *Iqbal*, 129 S.Ct. at 1949; *Landavazo v. Toro Co.*, 301 Fed.Appx. 333 (5th Cir.2008) Without sufficient factual allegations in his Complaint, Plaintiff has not satisfied his burden of providing fair notice to the Defendant. See *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955; *Dark v. Potter*, 293 Fed.Appx. 254 (5th Cir.2008).

Similar to his allegations of racial discrimination, Plaintiff does not raise any allegation of retaliation in his Complaint. Rather, he raises allegations of retaliation in his Memorandum in Opposition to Defendant's Motion to Dismiss. (Doc. 20, p. 4.) Because this is not the proper procedure for bringing a complaint of retaliation, nor the proper procedure for amending a complaint, this issue is not properly before the Court.[3] However, assuming *arguendo* that Plaintiff's claim of retaliation was properly before the Court, Plaintiff's allegations are not sufficient in this regard.

To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in an activity that Title VII protects; (2) that an adverse employment action occurred; and (3) a causal connection exists between the protected activity and the adverse employment action. *Davis v. Fort Bend County*, 765 F.3d 480, 489-490 (5th Cir. 2014), citing *Ikossi-Anastiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 551 (5th Cir. 2009).

Here, Plaintiff did not allege in his Complaint that he was participating in any protected activity prior to his termination.[4] Plaintiff indicated he was discharged for ethical violations, but made no allegation that those violations were connected to a Title VII investigation or that his ethical violations were an activity protected by Title VII. Plaintiff's Complaint fails to allege facts stating a claim for retaliation that is plausible on its face.

---

[3] While Fed. R. Civ Proc. 8 does not require an exhaustive listing of Plaintiff's claims, it does require "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* It is insufficient for Plaintiff to raise a claim of retaliation in his Memorandum in Opposition.

[4] In his Memorandum in Opposition, Plaintiff alleges he engaged in protected activity by filing an EEOC complaint based on race in 2006. This EEOC complaint is too remote in time to be connected to Plaintiff's termination, which occurred approximately three years after he filed the EEOC complaint. See *Russell v. Univ. of Tex.*, 234 Fed.Appx. 195, 207 (5th Cir.2007) (holding "evidence of temporal proximity alone cannot sustain an inference of causation when there is a six-month gap between the protected activity and the alleged adverse employment action"); *Ajao v. Bed, Bath & Beyond*, 265 Fed. Appx. 258, 265 (5th Cir. 2008) (holding four months was insufficient to establish a causal connection); *Robinson v. Our Lady of the Lake Regional Medical Center*, 535 Fed. Appx. 348, 353-354 (5th Cir. 2013) (holding that an almost five month gap and a six month gap were insufficient to establish a causal link).

**V.    Conclusion**

For the foregoing reasons, as to Plaintiff's allegations of racial discrimination and retaliation, Defendant's Motion is **GRANTED** and the allegations of racial discrimination and retaliation are **DISMISSED WITHOUT PREJUDICE**. As to these allegations, Plaintiff is given 30 days within which to amend his complaint to cure these deficiencies. In the event that Plaintiff fails to file an amendment to his complaint within that time, his claims of racial discrimination and retaliation will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>January 22, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**